UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRANA LULGJURAJ,

        Plaintiff,                              No. 13-11656

vs.                                            Hon. Gerald E. Rosen

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

MEMORANDUM OPINION AND ORDER DISMISSING CASE
FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 15, 2013

PRESENT:   Honorable Gerald E. Rosen
                         United States District Chief Judge

I. INTRODUCTION

This action to recover personal injury protection ("PIP") benefits pursuant to a Michigan no-fault automobile insurance policy is presently before the Court pursuant to the Court's April 17, 2013 Order to Show Cause directing Plaintiff Drana Lulgjuraj to show cause in writing why the case should not be dismissed for lack of federal subject matter jurisdiction. Plaintiff responded to the Show Cause Order on May 1, 2013. Having reviewed and considered Plaintiff's Response, the Court finds that Plaintiff has failed to establish that complete diversity of citizenship exists between the parties.

1

## II. PERTINENT FACTS

Plaintiff's Complaint in this matter arises out of an automobile accident which occurred in Bruce Township in Macomb County, Michigan on December 29, 2012. On that date Plaintiff Drana Lulgjuraj, a resident of Warren, Michigan, was a passenger in an automobile owned by Bardhyl Mulalli. At the time of the accident, Mulalli's vehicle allegedly was being driven by Elvira Lulgjuraj. According to the Complaint, as Elvira Lulgjuraj completed a left turn in the intersection of Hipp Road and 35 Mile Road in Bruce Township, the car hit an icy patch and collided with a parked car owned by Angela Lynn Baker. Plaintiff claims to have sustained serious injuries as a result of the collision and now seeks to recover damages for those injuries from State Farm Automobile Insurance Company ("State Farm"), Bardhyl Mulalli's insurer. Plaintiff has not named Mulalli as a party-defendant.

On April 12, 2013, Plaintiff filed her Complaint in this Court alleging diversity of citizenship as the basis for this Court's jurisdiction. This jurisdictional allegation is predicated upon Plaintiff's Michigan citizenship and the Illinois citizenship of Defendant State Farm.[1] Plaintiff's Complaint, however, contained no allegations as to the citizenship of Mulalli, the owner of the vehicle insured by State Farm. Noting this deficiency and citing 28 U.S.C. § 1332(c)(1) and case law construing this provision in suits against insurers under Michigan's no-fault insurance statutory scheme, the Court issued an Order

---

[1] According to the Complaint, State Farm is incorporated in Illinois and has its principal place of business in that state. [*See* Complaint, ¶¶ 2-3.]

to Show Cause directing Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff responded to the Show Cause Order but nothing in that Response establishes that Mulalli's citizenship is diverse from that of Plaintiff Lulgjuraj. Plaintiff does not assert that Mulalli is not a Michigan citizen. In fact, she entirely ignores the question of Mulalli's citizenship. Instead, Plaintiff merely argues against application of Section 1332(c)(1) and contends that since Plaintiff and State Farm are citizens of different states, the requisites of diversity of citizenship should be deemed to be satisfied.

### III.  DISCUSSION

28 U.S.C. § 1332(c)(1) provides:

For purposes of this section and section 1441 of this title [which governs removal of actions]

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, ***except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,*** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

The insurance amendment to Section 1332(c)(1) which added the language highlighted above, came in response to state statutes that authorized direct actions against tortfeasors' insurers without action against the tortfeasor. *See Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10 (1989). Such direct action statutes effectively created diversity

3

jurisdiction where the injured party and the insured were in fact citizens of the same state. *Id.* These direct action statutes increased the case burden on the federal courts by fabricating diversity where it would previously not have existed. *Henderson v. Selective Ins. Co.*, 369 F.2d 143, 149 (6th Cir. 1966). The amendment was enacted to counter-act that fabrication. *Id.*

As the Sixth Circuit has observed, Michigan's no-fault insurance statutory scheme operates the same way as the direct action statutes the amendment responded to -- "it permits a person claiming injury or damage arising from the ownership or use of a motor vehicle to sue the insurer rather than the owner or operator of the vehicle." *Ford Motor Co. v. Insurance Company of North America*, 669 F.2d 421, 425 (6th Cir. 1982). In suits against insurers under Michigan's no-fault scheme, the direct action provision in 28 U.S.C. § 1332(c)(1) is applicable, and where imputing the insured's citizenship to the insurer destroys diversity, the federal court is without jurisdiction to hear the case. *Id. See also*, *McMurry v. Prudential Prop. & Cas. Ins. Co.*, 458 F. Supp. 209 (E.D. Mich. 1980); *Tyson v. Conn. Gen. Life Ins. Co.*, 495 F. Supp. 240 (E.D. Mich. 1980) (both cases expressly adopted by *Ford Motor Co., supra*, as correct views of the applicability of § 1332(c)(1) to Michigan's no-fault laws); *Mathis v. The Hartford Ins. Co.*, 770 F. Supp. 2d 891 (E.D. Mich. 2010); *Young v. Allstate Ins. Co.*, E.D. Mich. No. 11-cv-10888-GER-RSW, Dkt. # 13 (6/23/11Opinion and Order).

Pursuant to Section 1332(c)(1), this Court lacks subject matter jurisdiction over

this action.  Drana Lulgjuraj is a citizen of Michigan. State Farm is a citizen of Illinois, and because Mulalli, the insured, is apparently a citizen of the State of Michigan[2] and is not named as a party-defendant, the insurance company is also deemed a citizen of the State of Michigan.  Lulgjuraj's position as a claimant-passenger in the vehicle owned by the insured has no effect on the applicability of the direct action provision.  *See McMurry, supra; Mathis, supra; Young, supra.*

This case presents virtually the same facts presented in *McMurry, Mathis* and *Young*.  *Mathis*, a case decided by this Court, is demonstrative.  In that case, the plaintiff, Therese Mathis, was injured in an automobile accident involving an automobile owned by one Gerald McCoy who was a Michigan resident.  Mathis then filed suit in the Wayne County Circuit Court under the Michigan No-Fault Insurance Act against The Hartford Insurance Company, the insurer of McCoy's automobile, alleging it had failed to reimburse her for medical expenses incurred on account of injuries sustained in the accident.  Hartford, which was incorporated in Indiana and had its principal place of business in Connecticut, removed the action to this court, asserting diversity of

---

[2] As indicated, it does not appear from the parties' pleadings that Mulalli is a citizen of any state other than Michigan.  Indeed, to infer that Mulalli is not a citizen of Michigan would give Lulgjuraj's motion no basis in law or fact.  In any event, the party invoking the jurisdiction of the federal court has the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed.R.Civ.P. 8(a)(1). It is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it. *McNutt, supra.*  Thus, it is Plaintiff's burden to establish facts demonstrating the non-applicability of the insurance proviso in Section 1332(c)(1).  Plaintiff has not met this burden.

citizenship and the requisite jurisdictional amount in controversy. In ruling on the plaintiff's motion to remand in that case, this Court determined that

> [n]o-fault actions possess the hallmarks of direct actions. Therefore, the proviso should apply in no-fault suits, at least in those instances where the named insured is not the plaintiff. This suit is based on a policy or contract of liability insurance, it involves a direct action against an insurer and the insured is not a party-defendant, but would be, were it not for the no-fault statute.

770 F. Supp. 2d at 894 (quoting *McMurry, supra*, 458 F. Supp. at 211).

Plaintiff's reliance on *Lee-Lipstreu v. Chubb Group Ins. Cos.,* 329 F.3d 898 (6th Cir. 2003) and *Estate of Monahan v. American States Ins. Co.*, 75 Fed. App'x 340 (6th Cir. 2003), a case in which the court found *Lee-Lipstreu* controlling, is misplaced.

Both *Lee-Lipstreu* and *Monahan* involved actions known in Ohio as *Scott-Pontzer* claims. In *Scott-Pontzer v. Liberty Mut. Fire & Ins. Co*., 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), the Ohio Supreme Court held that employees may sue their employer's insurance carrier to recover underinsured motorist benefits. *Id*. at 1119-20. The Ohio court reasoned that an insurance policy issued to a corporation provides coverage for its employees if the term "you" in the policy is ambiguous. *Id*. at 1119.

At the time the plaintiff in *Lee-Lipstreu* was injured, she was an employee of National City Corporation and pursuant to *Scott-Pontzer*, she was an "insured" under her employer's commercial general liability policy. Similarly, at the time of the accident which resulted in the death of the plaintiff's decedent in *Estate of Monahan*, the decedent was an employee of Exchange Printing and was insured under his employer's

6

commercial liability policies. In both cases, the Sixth Circuit concluded that the plaintiff's direct action against his/her employer's insurance carrier did not implicate the "direct action" provision in Section 1332(c)(1):

> [A]pplication of the direct action provision of § 1332(c)(1) [here] ignores a fundamental component of a *Scott-Pontzer* claim -- that the entire suit rests on the conclusion that ***the employee is the insured*** under the policy. Thus, in a *Scott-Pontzer* claim, the insured sues her own insurance carrier. The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity -- federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state. We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here.

*Lee-Lipstreu*, 329 F.3d at 899-900 (emphasis in original); *see also Estate of Monahan*, 75 Fed. App'x at 343.

Plaintiff's reliance on *Herring v. State Farm Mutual Auto. Ins. Co.*, 2005 WL 3071902 (E.D. Mich., Nov. 16, 2005) (Steeh, J.), is likewise inapposite. *Herring* involved a plaintiff's suit to recover no-fault benefits ***from the plaintiff's own insurance company***. The plaintiff there had been involved in a motor vehicle accident and incurred expenses for which he sought reimbursement from his own provider, State Farm Mutual Automobile Insurance Company. Relying on *Lee-Lipstreu*, the court held that "[t]he Sixth Circuit now clearly rejects applying the 'direct action' provision of § 1332(c)(1) to a 'dispute solely between an insured and their [sic] own insurance company,' the very circumstance now before this court." *Herring* at \*\*1-2 (quoting *Lee-Lipstreu v. Chubb*

7

*Group of Ins. Co.*, 329 F.3d at 899). In this case, Plaintiff Lulgjuraj does not seek to recover benefits from her own insurance company but rather from the insurer of a third-party. Therefore, *Lee-Lipstreu* and its progeny are inapplicable.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court finds that federal subject matter jurisdiction is lacking. Therefore,

IT IS HEREBY ORDERED that this case be DISMISSED, without prejudice, for lack of federal subject matter jurisdiction.


        s/Gerald E. Rosen  
        Chief Judge, United States District Court

Dated:  May 15, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2013, by electronic and/or ordinary mail.

        s/Julie Owens  
        Case Manager, (313) 234-5135